# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| REBECCA RESKE and TIMOTHY RESKE parents and natural guardians of J.R., a minor,<br><br>            Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | No. 19-131V<br>Special Master Christian J. Moran<br><br>Filed: August 29, 2023 |

* * * * * * * * * * * * * * * * * * * * *

Bridget C. McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioners;
Meghan Murphy, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is Rebecca and Timothy Reske's ("petitioners") motion for final attorneys' fees and costs. They are awarded **$39,611.29**.

\*     \*     \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On January 28, 2019, petitioners filed for compensation on behalf of their minor child, J.R., under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that the third dose of rotavirus vaccine caused J.R. to suffer intussusception. Following the submission of expert reports and briefing of the issues, the undersigned issued his decision denying compensation on September 20, 2021. 2021 WL 5773711.

On December 30, 2022, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request attorneys' fees of $23,162.00 and attorneys' costs of $16,449.29 for a total request of $39,611.29.[2] Fees App. at 2. Pursuant to General Order No. 9, petitioners warrant that they have not personally incurred any costs related to the prosecution of their case. Id. On January 11, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioners' claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

---

[2] Petitioners previously filed a fees motion on March 28, 2022. Due to formatting errors which prevented the undersigned from assessing whether the hours billed were reasonable, petitioners were ordered to resubmit the fees motion. See Order, dated December 30, 2022.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

    A.    <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel, Ms. Bridget McCullough: $225.00 per hour for work performed in 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, and $300.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Wiltse v. Sec'y of Health & Human Servs., No. 19-1273V, 2022 WL 854904 (Fed. Cl. Spec. Mstr. Feb. 25, 2022). Accordingly, the requested hourly rates are reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioners are awarded final attorneys' fees in the amount of $23,162.00.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $16,797.33 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioners' medical expert, Dr. Thomas Sferra, a pediatric gastroenterologist. Dr. Sferra's invoice presents a reasonable number of hours (26.8) and a reasonable rate of $500.00 per hour. Although Dr. Sferra is relatively new to the Vaccine Program, with the undersigned only able to find one other case in which he has performed expert work besides the instant case, other special masters who have considered reasonable hourly rates for pediatric gastroenterologists have found that a range between $400.00 and $600.00 per hour is reasonable. Zug v. Sec'y of Health & Human Servs., No. 15-1166V, 2023 WL 3000821, at *6 (Fed. Cl. Spec. Mstr. Mar. 23, 2023). Based on his credentials and submitted work product, the undersigned is satisfied that a rate in the middle of this range is reasonable.

The remainder of the costs have been supported by the necessary documentation and are also reasonable. Petitioners are therefore awarded final attorneys' costs of $16,449.29.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$39,611.29** (representing

$23,162.00 in attorneys' fees and $16,449.29 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Ms. Bridget McCullough.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.